# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

ROBERT LEE LANGSTON, JR.,

    Plaintiff,

v.                                                                         Civil Action No. **3:17CV674**

N. NECOLETTOS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on March 15, 2018, the Court directed Plaintiff to submit a particularized complaint within fourteen (14) days of the date of entry thereof. The Court also placed Plaintiff on notice that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action.

More than fourteen (14) days have elapsed since the entry of the March 15, 2018 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond

to the March 15, 2018 Memorandum Order. Accordingly, the action will be dismissed without prejudice.

An appropriate order will accompany this Memorandum Opinion.

Date: 4/12/18
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge